ASSOCIATED MACHINE (formerly Associated Machine Shop), a Corporation, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 22304.

United States Court of Appeals Ninth Circuit.

Oct. 25, 1968.

---

Jerry A. Kasner, San Jose, Cal., for petitioner.

Richard C. Pugh, Washington, D. C. (argued), Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Martin T. Goldblu, Attys., Washington, D.C., for respondent.

Before JONES,* BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge:

Petitioner, Associated Machine, Inc., is a California corporation. Until November 30, 1960, this corporation was known as J & M Engineering, Inc. (herein J & M). On that date, J & M acquired through merger another California corporation, Associated Machine Shop, Inc., simultaneously changing its name to "Associated Machine, Inc." This action was found by the tax court to be a statutory merger within section 4100 of the California Corporations Code. Associated Machine v. Commissioner, 48 T.C. 318 (1968); P-H Tax Ct.Rep. & Mem. Dec. ¶¶ 18,079 (45), 18,592 (30). All three corporations were owned by the same individual and each had in turn the same, though separately functioning, board of directors.

For its fiscal year ending November 30, 1962, petitioner reported a loss of $82,863.30, and successfully applied to the Commissioner of Internal Revenue for a tentative carryback adjustment in that full amount using this loss to offset Associated Machine Shop's adjusted taxable income for the calendar year 1959. See 26 U.S.C. § 172 (1954).

Two years later, in June, 1965, the Commissioner issued a statutory notice of deficiency which disallowed the deduction for the operating loss carryback to the pre-merger income of Associated Machine Shop, Inc. The Commissioner contended and the tax court held that the reorganization which produced Associated Machine, Inc., failed to qualify as a "mere change in identity, form, or place of organization * * *." as described by 26 U.S.C. § 368(a) (1) (F). Instead, because it involved more than one "active" corporation, it was another type of tax free reorganization, a "statutory merger" as defined by 26 U.S.C. § 368(a) (1) (A). Since the tax court found the merger could not be denominated an "F" reorganization, it would not permit the operating loss of the transferee corporation to be carried back to the pre-merger tax year of the transferor corporation through § 172 under the provision of § 381(b) of the Internal Revenue Code. Only reorganizations of the "F" type are excepted by 26 U.S.C. § 381(b) of the Internal Revenue Code.

The petitioner challenges this ruling, predicating jurisdiction in this court on 26 U.S.C. § 7482.

* Warren L. Jones, United States Circuit Judge, Fifth Circuit, sitting by designation.

■ We find the better reasoning to be that of the petitioner. Briefly, we hold that an "F" reorganization can involve more than one active corporation and that, therefore, under certain narrowly defined circumstances, a statutory merger, which is a § 368(a) (1) (A) reorganization, can also be an "F" reorganization. See Stauffer's Estate v. C.I.R., 403 F.2d 611 (9th Cir. 1968) decided this day. Accordingly, we reverse the tax court's holding that the Commissioner was correct in his deficiency assessment; we hold this to be a reorganization effected through merger resulting only in a change of identity.

Our analysis logically begins with a consideration of whether an "F" reorganization can encompass more than one "active" corporation. While the Commissioner concedes that two corporations can be involved when one, the receiving corporation, is a "shell" fabricated for the reorganization, he contends that the intended simplicity of function of the "F" type reorganization prevents its being extended to the merger of two corporations independent in the sense of being separately incorporated for valid business reasons. It is the Commissioner's position that "F" reorganizations are limited to "mere formalistic changes in the charter or place of organization of a single corporate enterprise." In our judgment, the Commissioner's conception of the "F" reorganization is overly narrow. No logical distinction exists between a "shell receiver" and an "active receiver" when two factors co-exist: one, when the proprietary interest in the transferor and transferee is identical; and two, when the business is not interrupted.

This conclusion is consistent with tax court decisions in the area of reorganization-liquidation, apparently the only decisions dealing with the characteristics of the "F" reorganization. These cases identify the salient trait of an "F" reorganization as being an identity of proprietary interest in the transferee

and transferor corporations. Berghash v. Commissioner, 43 T.C. 743, 752–754 (1965), aff'd 361 F.2d 257 (2d Cir. 1966); Gallagher v. Commissioner, 39 T.C. 144, 162 (1962), appeals dismissed Nos. 18844, 18845 (9th Cir. Sept. 19, 1963); Estate of James F. Suter v. Commissioner, 29 T.C. 244, 258 (1957). See Lane, "The Reincorporation Game: Have the Ground Rules Really Changed?" 77 Harv.L.Rev. 1218, 1247 (1964). In focusing on the indicia which we judge indicate whether or not a "mere change in identity" has occurred, we seek to avoid the mechanical approach advocated by the Commissioner which would frustrate what we believe is the function of § 368(a) (1) (F): a tax free reorganization involving corporate form but not substance.

It was this interpretation of subsection F that the court in Davant v. Commissioner of Internal Revenue, 366 F.2d 874 (5th Cir. 1966), cert. denied 386 U.S. 1022, 87 S.Ct. 1370, 18 L.Ed.2d 460 (1967), at the earnest behest of the Government, found persuasive. There the Government argued that the "sale" of one closely held corporation to its "brother" was a reincorporation under § 368(a) (1) (F). Like the tax court cases cited supra, the *Davant* presented an attempt by corporate shareholders to obtain capital gains treatment for what the court determined were dividends declared incident to a reorganization. In discussing the first of two alternative grounds for its holding (that the reorganization fell under § 368(a) (1) (F), the court reasoned, at 884, that:

"If Water (the acquiring corporation) had no assets of its own prior to the transfer of Warehouse's (the acquired corporation) operating assets to it, could we say that Water was any more than the alter ego of Warehouse? The answer is no. The fact that Water already had other assets that were vertically integrated with Warehouse's assets does not change the fact that Water was Warehouse's alter ego. Viewed in this way, it can make no practical difference whether

the operating assets were held by Water or Warehouse, and a shift between them is a mere change in identity or form. *At least where there is a complete identity of shareholders and their proprietary interests, as here, we hold that the type of transaction involved is a type (F) reorganization."* (Emphasis added.)

The facts of our present case parallel with those of *Davant*. Although J & M and Associated Machine Shop were separately incorporated under almost identical articles of incorporation and by-laws, they enjoyed the benefits of an integrated operation. In addition to common ownership, the two had the same officers and directors. A substantial part of J & M's business came from Associated Machine, as did a number of its key employees. Had Associated Machine Shop attempted "liquidation" through a *Davant* type sale of its assets to J & M, there is no doubt that the proceeds of the sale would have been taxed as ordinary income with the procedure being characterized as a reorganization qualifying as an "F" type.

In his argument against according "F" treatment to the Associated Machine reorganization, the Commissioner, in a result-oriented approach to the question, presents a problem in application and an anomaly which he contends must flow from an acceptance of petitioner's position.

The Commissioner sets forth problems in meshing the accounting system of a transferee and transferor corporation maintaining different tax years. For example, J & M and later Associated Machine, reported its income on a fiscal year, while Associated Machine Shop operated on a calendar year. The Commissioner argues that because § 381(b) (1) excepts the "F" reorganization, for merging corporations to consolidate their bookkeeping in the manner prescribed by § 381(b) (1) would exclude them from "F" treatment. It would appear that the Commissioner has mistakenly identified an accounting practice as an inherently incompatible characteristic of the "F" and non "F" reorganizations.

Even if we were to agree this was a logical approach, the Commissioner fails to explain why the shell corporation in the classic "F" reorganization could not be formed with an accounting year different from that of the transferor corporation and thus present the Commissioner with the same dilemma in an undeniably "F" framework. It appears to us that the Commissioner has devised a problem without substance.

The anomaly posed by the Commissioner that prevails if we find this reorganization to be of the "F" type also involved § 381. Because § 381(b) contains an exception for "F" reorganizations, a carryback from the acquiring corporation to the transferor corporation would be possible. However, § 381 (c) (1) (A), which contains no exception for "F" reorganizations, would prevent a "carryback" of loss from the transferor corporation to a pre-reorganization year of the acquiring corporation. The alleged anomaly is that loss is thus carried one way but not the other.

It should first be noted that the Commissioner's explanation of the effect of § 381(c) (1) (A) which, as written, provides that a loss of the transferor corporation can be carried forward to the acquiring corporation, is a negative phrasing of that section. Actually, §§ 381(b) and 381(c) (1) (A) are mirror images, allowing a post-merger loss to be carried from the acquiring corporation to the transferor or a pre-merger loss to be carried from the transferor to the acquiring corporation. What the Commissioner proposes, the application of the transferor's pre-merger loss to the acquiring corporation's pre-merger profit, is not a "carryback" but a horizontal transfer since the gain and loss involved are occurring simultaneously and not in sequence. The unity of interest present between the resulting corporate entity and the corporation which it has absorbed makes a passing of loss from one to the other logical. This unity is not present in the profit and loss

simultaneously suffered by unrelated corporations and this breakdown in the parallel defeats the Commissioner's anomaly.

 Finding no obstacle in either case law or logic, we decline to by-pass Davant v. Commissioner of Internal Revenue, supra and hold the reorganization of J & M through merger with Associated Machine Shop to have been a § 368(a) (1) (F) merger. We disagree with the tax court's ruling that petitioner was not entitled to carry back a post-merger loss to the pre-merger profits of the transferor corporation. See Stauffer's Estate v. Commissioner of Internal Revenue, 403 F.2d 611, decided simultaneously with this case.

Reversed.