**PERFORMANCE SYSTEMS, INC., Successor to Minnie Pearl's Chicken System, Inc., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 73–2210.

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1974.

Decided July 30, 1974.

Ernest Brown, Dept. of Justice, for defendant appellant; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Jonathan S. Cohen, William M. Brown, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Charles H. Anderson, U. S. Atty., of counsel.

James D. Leckrone, Nashville, Tenn., for plaintiff appellee; John L. Chambers, Nashville, Tenn., on brief.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

The action in the District Court was for the recovery of federal corporate income taxes in the amount of $171,572 plus interest, for the taxable year 1967.

Minnie Pearl's Chicken System, Inc., a Tennessee corporation, was a wholly owned subsidiary of the taxpayer, Performance Systems, Inc., likewise a Tennessee corporation.

The subsidiary filed its initial corporate income tax return for the period ending December 31, 1967, and paid the tax due thereon in the amount of $169,630. Additional taxes amounting to $7,521.28 were assessed against the subsidiary after examination. The subsidiary filed a federal corporate income tax return for a short period beginning January 1, 1968 and ending January 22, 1968, reporting a net operating loss. A refund was made to the subsidiary of $5,579, based upon a carryback of that net operating loss to the period ended December 31, 1967. This resulted in the subsidiary paying a total of $171,572.28 in income taxes for the year ended December 31, 1967.

A merger was effected between the parent company and the subsidiary on January 22, 1968, valid under Tennessee law.

The parent company filed its income tax return for the year ended December 28, 1969, reporting a let loss of $8,-367,168. It filed a timely claim for refund of the income taxes paid by its subsidiary for the year ended December 31, 1967. This claim was based on a carryback of the parent corporation's net operating loss for its year ended December 28, 1967 to its subsidiary's year ended December 31, 1967. The claim was disallowed by the Internal Revenue Service, and the present action followed.

All of the material facts were stipulated by the parties and were not in dispute. The question presented was whether the merger of the parent corporation with its subsidiary qualified as a reorganization under 26 U.S.C. § 368(a)(1)(F), Internal Revenue Code of 1954, which permits a carryback of the loss claimed pursuant to Section 381(b) of the Internal Revenue Code.

A motion and cross-motion for summary judgment were filed by the parent corporation and the Government.

The District Judge, in a memorandum opinion reported at 73–2 U.S.T.C. ¶ 9743, granted the motion of the parent corporation and entered judgment

against the Government for the full amount claimed. The Government appealed.

We affirm the judgment of the District Court for the reasons set forth in its Memorandum Opinion, and the decision of the Court of Claims on March 20, 1974 in the case of Movielab, Inc. v. United States, 494 F.2d 693.